THE MATHEWS LAW GROUP
Charles T. Mathews Esq. SBN 55889
Patrick Chung Esq. SBN 250209
2596 Mission Street, Suite 204
San Marino, California 91108
Ph.:    (626) 683-8291
Fax:   (626) 683-8295

Attorneys for Plaintiff and the Proposed Classes,
KATRINA ANDERSON

FILED
2011 JAN 18 P 12: 17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BRANCH

| | |
|---|---|
| KATRINA ANDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CBE GROUP, INC., THE CBE GROUP SW, INC. AND DIRECTV<br><br>Defendants. | CASE NO. CV 11 0245 NJV<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*<br><br>Jury Trial Demanded |

Katrina Anderson ("Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of counsel, and on information and belief as follows:

## INTRODUCTION AND NATURE OF ACTION

1. Plaintiff brings this action for statutory damages, injunctive relief and any other available legal or equitable remedies, resulting from the illegal actions of DIRECTV, a national broadcast satellite service company, in negligently and/or willfully placing or having calls placed to Plaintiff on her cellular telephone without her prior express consent and not for emergency purposes (sometimes referred to herein as "Prohibited Calls"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

2. Plaintiff also brings this action for statutory damages, injunctive relief and any

1  other available legal or equitable remedies, resulting from the illegal actions of The CBE Group,
2  Inc. and The CBE Group SW, Inc. (together, the "CBE Defendants"), national collection
3  agencies, in negligently and/or willfully placing Prohibited Calls in violation of the TCPA.[1]
4  Hereafter, DIRECTV and the CBE Defendants are sometimes collectively referred to as
5  "Defendants."

6      3.    Plaintiff is one such victim of Defendants' repeated Prohibited Calls. Worst of
7  all, Plaintiff (and others similarly situated) <u>do not even owe the debt</u> at issue, as the calls are
8  intended for a completely different individual. <u>Plaintiff was never a customer of DIRECTV</u> and
9  had no prior business relationship of any sort with DIRECTV. This is a problem faced by a large
10 number of Americans and is summarized in a recent New York Times posting, entitled *"When a*
11 *Debt Collector Calls for Debt You Don't Owe."*[2]

12     4.    In 1991, Congress enacted the TCPA in an effort to combat the invasion of
13 privacy faced by everyday Americans who received unwanted calls. In relevant part, the TCPA
14 prohibits the use of an automatic telephone dialing system to call any telephone number assigned
15 to a cellular telephone service absent an emergency purpose or the "prior express consent" of the
16 called party. The Federal Communication Commission ("FCC"), the agency empowered to
17 implement the TCPA, mandates that "the burden will be on the creditor to show it obtained the
18 necessary prior express consent."[3]

## JURISDICTION AND VENUE

21     5.    This Court has jurisdiction under the Class Action Fairness Act of 2005 because
22 Plaintiff seeks up to $1,500 in statutory damages for each of the hundreds of calls that were

---

[1] CBE Defendants also operate under the fictitious names Account Receivable Management, Inc., ARM, Inc. and Credit Bureau Enterprises.

[2] Jennifer Schultz, *When a Debt Collector Calls for Debt You Don't Owe*, N.Y. Times, Nov. 1, 2010. (Available at, http://bucks.blogs.nytimes.com/2010/11/01/when-a-debt-collector-calls-for-debt-you-dont-owe/)

[3] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 10 (2008).

**CLASS ACTION COMPLAINT FOR DAMAGES**

placed to her cellular phone in violation of the TCPA, which, when aggregated among a proposed class, numbering in the tens of thousands, easily exceeds $5,000,000 and Plaintiff, is a California citizen and the CBE Defendants are citizens of Iowa. Additionally, Plaintiff seeks to represent numerous class members, who are citizens of various other States.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's claims against Defendants occurred within the State of California and the Humboldt County.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the Humboldt County. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

8. Defendant DIRECTV is, and at all times mentioned herein was, a national broadcast satellite service company and a Delaware corporation, whose principal place of business is 2230 E. Imperial Hwy, El Segundo, California 90245. DIRECTV does business throughout the country, including this District. DIRECTV is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(10).

9. CBE Defendants are, and at all times mentioned herein were, Iowa corporations, whose primary corporate addresses are 131 Tower Park Drive, Suite 100, Waterloo, Iowa, where CBE Defendants also conduct business. CBE Defendants do business throughout the country, including this District. CBE Defendants are, and at all times mentioned herein were, a "person," as defined by 47 U.S.C. § 153(10).

10. The FCC has mandated: "[a] creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are

treated as if the creditor itself placed the call."[4] Thus, DIRECTV is vicariously liable for the Prohibited Calls placed by CBE Defendants seeking debt collection for DIRECTV accounts.

11. On information and belief and the investigation of counsel: (a) the CBE Defendants placed Prohibited Calls to Plaintiff, in the course of employment, as agents retained by DIRECTV for debt collection purposes; (b) DIRECTV exercises control and supervises CBE Defendants in their debt collection activities related to DIRECTV accounts; (c) in hiring the CBE Defendants, DIRECTV knew or should have known that the CBE Defendants would place Prohibited Calls as a usual and necessary means of debt collection; (d) subsequent to hiring the CBE Defendants, DIRECTV knew or should have known that that the CBE Defendants were placing Prohibited Call in their debt collection for DIRECTV; and (e) the Prohibited Calls identify that the calls were being placed by or on behalf of DIRECTV.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Plaintiff has received numerous Prohibited Calls to her cellular phone during the past few months from Defendants.

13. Plaintiff has incurred charges for these Prohibited Calls. The FCC has made clear that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."[5]

14. During these Prohibited Calls Defendants used an "automatic telephone dialing system and/or an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. These calls were for the purpose of collecting debt and were not for emergency purposes as set forth in 47 U.S.C. § 227(b)(1)(A).

16. Plaintiff did not provide "prior express consent" to receive the Prohibited Calls on her cellular telephone as set forth in 47 U.S.C. § 227(b)(1)(A).

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 10 (2008).

[5] *Id.* ¶ 7.

17. The Prohibited Calls received by Plaintiff were intended for a person other than the Plaintiff.

18. Plaintiff has no business relationship with DIRECTV whatsoever, was never a DIRECTV customer, and yet is receiving Prohibited Calls seeking debt collection for a DIRECTV account holder.

19. The Prohibited Calls received by Plaintiff identified that the calls were made by or on behalf of DIRECTV.

20. These Prohibited Calls placed by Defendants were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Consent Class"), as follows:

> **All persons within the United States to whom Defendant(s) has placed a call to said person's cellular telephone (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.**

22. Plaintiff also brings this action on behalf of herself and on behalf of all others similarly situated (the "Error Subclass"), as follows:

> **All persons within the United States to whom Defendant(s) has placed a call to said person's cellular telephone (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint, where such person is not the a DIRECTV account holder (*i.e.*, not the intended recipient of Defendants' call).**

CLASS ACTION COMPLAINT FOR DAMAGES

Hereafter, the Consent Class and Error Subclass are referred to collectively as the "Classes."

23. Defendants, their employees and other agents, the Judge to whom this action is assigned and any members of the Judge's staff, and claims for personal injury, wrongful death and/or emotional distress are excluded from the Classes. Plaintiff reserves the right to expand the class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. Plaintiff does not know the number of members in the Consent Class and Error Subclass, but believes, based on Defendants' market share and investigation of counsel, that the number is in the tens of thousands, if not substantially higher. Thus, joinder of all Consent Class and Error Subclass is impractical due to the size and relatively small value of each member's claim.

25. Indeed, the Internet is replete with discussions between numerous members of the Consent Class and Error Subclass — all desperate to end Defendants' calls. The following is a sampling, evidencing Defendants' egregious violations of the TCPA, the invasion of privacy suffered by members of the Classes, the numerosity of the Classes, the commonality of the issues and the typicality of Plaintiff as a class representative:

> "John Doe
> 25 Feb 2010
>
> The company is CBE collections group. They are trying to collect for Direct TV. I don't know how my SS# got associated with Direct TV as I have never and will never subscribe to Direct TV."
>
> (Available at, http://800notes.com/Phone.aspx/1-609-373-1964)
>
> "pjschwed
> 11 Mar 2010
>
> We get calls 2-3 times a day from this number. Ususally [sic] I ignore it, but sometimes I'll answer & nobody is there. Very annoying! And after reading other posts about this, I still don't know why they're calling us, as we have never had Direct TV."
>
> (Available at, http://800notes.com/Phone.aspx/1-609-373-1964)

**CLASS ACTION COMPLAINT FOR DAMAGES**

"Amy S replies to Megan
19 Oct 2009

Won't stop calling my cell phone either! I called the number back, CBE Group, she says they handle collections for Direct TV... Too bad I've been with Verizon since I can remember!!"

(Available at, http://800notes.com/Phone.aspx/1-714-364-4433)

"Pamela Mack
2007-07-02

In June 2006, I was assigned a corporate cell phone number that previously was assigned to Jessica last name unknown that did not pay her Direct TV bill. I have received numerous dunning calls since July. Every 4-6 weeks I receive a new collection call. When I receive these calls; I call their collection department, speak with a supervisor and am assured they will take my number out of this account and out of the computer generated call system. 4-6 weeks later I receive the same call and the same response. They will not share the Jessica's last name or account number so I cannot report them to the FTC or to the state agency. It is now 7/2/07 and I just received another call from their collection department. This is a horrible company that not only treats their customers badly but also people who are not even customers yet. I will NEVER think of going with Direct TV after this last year of HARASSMENT!"

(Available at, http://www.complaintsboard.com/complaints/direct-tv-c15828.html)

"Ravrsimba

Directv collections keeps calling my cell phone for my roommate, they refuse to stop calling me.? Directv collections keeps calling my cell phone for my roommate, they refuse to stop calling me.? I know legally collections must stop calling you upon request, however they are stating because I am not on the account they cannot change any information on the account. So they continuously call my cell phone for my ex-roommate. I have a number they can reach him at as well as his new address, they refuse to take it and keep calling me. The collections department person I spoke too was of no help. What are my legal rights and how do I have them stop calling me?"

(Available at, http://answers.yahoo.com/question/?qid=20090911114539AAlxYK0)

"Gary Meeker
2008-10-01

I was assigned a phone number one year ago when I moved into my house and I too started getting phone calls from debt collection agencies for a Jenny Tanner who apparently did not pay her bills. Each one took me off their call list when they found out the phone number had been reassigned EXCEPT Direct TV.

Over the past year I have spoken to agents who see the multiple notes in the system regarding the issue, they even see my name in the notes. I have been transferred to Customer Service who tells me they will put my name and number on the do not call list and get the calls stopped. BUT still every day now, 7 days a

**CLASS ACTION COMPLAINT FOR DAMAGES**

> week at all hours, I get the automated call where I can't even speak to someone. I have to call back at the phone number they give and speak to another agent who just tells me the same thing. The last one asked me to give them the new number for Jenny Tanner, like I would have that.
>
> I would never consider having Direct TV as their support is apparently non-existent."

(Available at, http://www.complaintsboard.com/complaints/direct-tv-c15828.html)

> "Melissa
> 14 Oct 2010
>
> I just called this number back and they did say the were Direct TV and they asked for the number associated with my Direct TV account. I said I will give you the number you called. She said nothing came up. I said of course not I don't have a Direct TV account. I was told my number would be removed....we will see."

(Available at, http://whocallsme.com/Phone-Number.aspx/8664789771/2)

26. The members of the Consent Class and Error Subclass share well defined, nearly identical, questions of law and fact, which predominate over questions that may affect individual members of the Classes. These common questions of law and fact include:

a. Whether, within the four years prior to the filing of this Complaint, Defendants have placed any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

b. Whether, within the four years prior to the filing of this Complaint, Defendants have placed any calls to any telephone number assigned to a cellular telephone service (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, seeking debt collection for DIRECTV, where the person called never had a DIRECTV account or business relationship with DIRECTV (i.e., not the intended recipient of Defendants' call).

c. Whether Defendants' conduct was knowing and/or willful.

d. Whether Defendants can meet their burden of proving that they had obtained prior express consent for such calls to members of the Classes.

-8-
**CLASS ACTION COMPLAINT FOR DAMAGES**

  e. Whether Defendants should be enjoined from placing such calls in the future.

27. The Classes are ascertainable and can be identified through Defendants' records.

28. Plaintiff and members of the Classes are entitled to statutory damages as provided for under the TCPA.

29. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice: (1) without Plaintiff's prior express consent; and (2) as a person who is never had a DIRECTV account, Plaintiff is asserting claims that are typical of the Consent Class and Error Subclass.

30. Plaintiff will fairly and adequately represent and protect the interests of the Consent Class and Error Subclass in that Plaintiff has no interests antagonistic to any member of the Classes.

31. Plaintiff and the members of the Classes have all suffered harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, members of the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Class-wide damages are essential to induce Defendants to comply with federal law.

32. Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

34. A class action is a superior method for the fair and efficient adjudication of this controversy.

35. Defendants have acted on grounds generally applicable to the Classes and evidence of Defendants' TCPA violations can be determined on a class-wide basis.

## FIRST CLAIM

### (NEGLIGENT VIOLATIONS OF THE TCPA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the members of the Classes are entitled to statutory damages of $500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM

### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C § 227 *et seq.*, Plaintiff and each of the members of the Classes are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

44. WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Classes the following relief against Defendants:

a. An Order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed Consent Class and Error Subclass and appointing Plaintiff's undersigned counsel of record to represent the Consent Class and Error Subclass.

b. An Order issuing an injunction, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from placing any further Prohibited Calls to members of the Classes and complying with the TCPA.

c. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes $500 in statutory damages, for each and every violation (each Prohibited Call), pursuant to 47 U.S.C. § 227(b)(3)(B).

d. As a result of Defendants' willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes treble damages, as provided by statute, up to $1,500 for each and every violation (each Prohibited Call), pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

e. An award of attorneys' fees and costs to counsel.

f. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

45. Plaintiff demands a jury trial on all claims

THE MATHEWS LAW GROUP

Dated:  By:
Charles T. Mathews,
Attorney for Plaintiff Katrina Anderson
and the Proposed Classes

-11-
**CLASS ACTION COMPLAINT FOR DAMAGES**