1  Mark E. Ellis - 127159
   Daniel D. McGee - 218947
2  Grant A. Winter - 266329
   ELLIS, LaVOIE, POIRIER,
3    STEINHEIMER & McGEE LLP
   555 University Avenue, Suite 200 East
4  Sacramento, CA 95825
   Tel: (916) 283-8820
5  Fax: (916) 283-8821
   mellis@ellislawgrp.com
6  dmcgee@ellislawgrp.com
   gwinter@ellislawgrp.com
7
   Attorneys for Defendant CBE GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATRINA ANDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC., THE CBE GROUP SW, INC. and DIRECTV,<br><br>Defendants. | Case No.: 11-CV-0245-NJV<br><br>**DEFENDANT CBE GROUP, INC.'S REPLY TO PLAINTIFF KATRINA ANDERSON'S OPPOSITION TO CBE'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO 12(f)**<br><br>DATE: April 22, 2011<br>TIME: 9:00 a.m.<br>CRTRM 10<br>Hon. Judge Susan Illston |

- 1 -

DEFENDANT CBE GROUP, INC.'S REPLY TO PLAINTIFF KATRINA ANDERSON'S OPPOSITION

## I. INTRODUCTION

Defendant CBE Group, Inc. (hereinafter "CBE") hereby submits the following reply to Plaintiff Katrina Anderson's opposition to CBE's motion to dismiss pursuant to Rule 12(b)(6) and motion to strike pursuant to Rule 12(f).

## II. LEGAL ANALYSIS

### A. Plaintiff's Complaint Does Not Meet The Pleading Standards Imposed By The U.S. Supreme Court, And Plaintiff Fails To Demonstrate Otherwise.

In its moving papers, CBE demonstrated that with only a few exceptions, the claims for relief contained in Plaintiff's complaint[1] are pled as bare legal conclusions, virtually devoid of *any* supporting factual allegations. That the complaint contains only threadbare allegations amounting to "a formulaic recitation of the elements of a claim for" TCPA violation can hardly be disputed in good faith. **Ashcroft v. Iqbal**, —U.S. —, 129 S.Ct. 1937, 1949 (2009).

Indeed, the complaint's central allegations are found at paragraphs 12 through 20, which merely parrot the language of 47 U.S.C. § 227(a)(1)(A). Consequently, these claims plainly fail to meet the pleading sufficiency requirements established by the United States Supreme Court in **Iqbal**, *supra*, at 1949 as well as **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-556 (2007).

For example, the complaint's paragraph nos. 12 and 13 allege *only* that:

> Plaintiff has received numerous Prohibited Calls to her cellular phone during the past few months from Defendants. [¶] Plaintiff has incurred charges for these Prohibited Calls.

These allegations are plainly insufficient, and provide Defendants *no* fair notice. As the court in **Abbas v. Selling Source, LLC** (*on which Plaintiff relies in her opposition*) has explained:

> Selling Source first argues that Abbas has failed to satisfy federal pleading requirements. After alleging several facts regarding the initial, offending SMS message he allegedly received from Selling Source, *Abbas makes broad, conclusory allegations regarding the "numerous" further messages that he allegedly received....While Rule 8(a)(2) does not require facts to be pled with particularity, Abbas's allegations here provide no notice to Selling Source about the subsequent messages Abbas allegedly received. There is no allegation regarding when Abbas*

---

[1] The complaint is at Docket No. 1.

- 1 -

> *received the later messages, what those messages stated, or from what numbers he received the later messages. <u>Some fair notice to Selling source is particularly necessary here because Abbas seeks recovery for each violation of the TCPA. ... Abbas's allegations regarding subsequent messages he received are insufficient</u>...*

**Abbas v. Selling Source, LLC**, 2009 WL 4884471 (N.D.Ill.) * 2 (emphasis added). Plaintiff's allegations here are even more conclusory than the allegations rejected by the court in **Abbas**.

Likewise, the complaint's paragraph no. 14 alleges *only* that:

> During these Prohibited Calls Defendants used an "automatic telephone dialing machine and/or an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

These allegations are also clearly insufficient:

> As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a ransom or sequential number generator.' <u>Such a naked assertion need not be taken as true</u>.

**Knutson v. Reply!, Inc.**, 2011 WL 291076 (S.D.Cal.) * 2; accord **Kramer v. Autobytel, Inc.**, 2010 WL 5463116 (N.D.Cal.) * 4.

Again, naked legal conclusions are *not* accepted as true for the purposes of the complaint's sufficiency but are instead to be disregarded. **Iqbal**, *supra*, 129 S.Ct. at 1949-1950 [citing **Twombly**, *supra*, 550 U.S. at 555]. But that is all that the complaint here contains – naked legal conclusions. As such, the complaint suggests no plausibility of any entitlement to relief (**Iqbal**, *supra*, 129 S.Ct. at 1950-1951 [analyzing **Twombly**]), and should be dismissed.

This is especially so given the context of this case, in which a nationwide class is proposed. As CBE indicated in its moving papers, the Rule 8 pleading standards are not merely procedural, but serve a significant function as a barrier to frivolous litigation. As **Twombly** explains, the purpose is to ensure that a plaintiff can show, "*something beyond the mere possibility of loss [...] <u>lest a plaintiff with a largely groundless claim be allowed to take up the time and number of other people with the right to do so representing an in terrorem increment of the settlement value</u>.*" **Twombly**, *supra*, 550 U.S. at 558 [citing **Dura Pharmaceuticals, Inc. v. Broudo**, 544 U.S. 336 (2005)]; emphasis added.

Nor do any of the cases on which Plaintiff relies, namely, **Reyes v. Saxon Mortg. Services,**

- 2 -

Inc., 2009 WL 3738117, <u>Hurrey-Mayer v. Wells Fargo Home Mortg., Inc.</u>, 2009 WL 3647362 and <u>Greene v. DirecTV, Inc.</u>, 2010 WL 1506730, have any bearing on the analysis. *None* of those cases addressed the issue of whether the pleadings at issue passed muster under **Iqbal** and **Twombly**.

It is axiomatic that cases are not authorities for propositions not considered. See, e.g., <u>Sakamoto v. Duty Free Shoppers, Ltd.</u>, 764 F.2d 1285, 1287-1288 (9th Cir. 1985) [opinions containing assumptions on nonlitigated issues are not precedential holdings that bind future decisions]; <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 630-31 (1993) [*stare decisis* is not applicable unless the issue was "squarely addressed" in the prior decision]. And so it is here.

**B. The Internet Postings And Like Extraneous Matters Referenced In The Complaint Should Also Be Stricken, And Plaintiff Fails To Demonstrate Otherwise.**

CBE also demonstrated in its moving papers that Plaintiff's complaint is chock-a-block full of reference to extraneous matters that have *nothing* to do with *this* lawsuit. As such, CBE has moved to strike those allegations, which include (but are not limited to) the following:

- References to a New York Times posting;
- References to administrative orders and the like interpreting the TCPA; and
- References to several internet postings.

(See CBE's MPA at 6:26-7:9.)

A motion to strike is appropriate when a complaint, as here, contains "immaterial, impertinent or scandalous matter." **FRCP Rule 12(f)**. References to internet postings, journalistic articles and the like are the quintessence of "immaterial, impertinent or scandalous matter." Such allegations should therefore be stricken.

In opposing CBE's motion, Plaintiff argues that Defendants' motions amount to inappropriate evidentiary objections, for which a motion in limine and not a motion to strike should be used. (See Opposition, 11:23-12:13.) There is no merit to this argument.

For example, if the allegations amount to matter that cannot be admitted into evidence at trial, as here, they may be stricken. See, e.g. Schwartzer, et al., **Federal Civil Procedure Before Trial** (Rutter Group 2011 rev.) § 9:386 [discussing "impertinent" as used in Rule 12(f) and case law

interpreting the Rule]. Here, the internet postings, journalistic articles, etc., are plainly objectionable, and would not be admitted into evidence. The allegations may (and should) be stricken.

C. **A Motion To Strike Plaintiff's Improper "Fail-Safe" Class Allegations Is Not Premature.**

Finally, CBE also demonstrated in its moving papers that the class definitions proposed by Plaintiff amount to improper and disfavored "fail-safe" classes. (CBE's MPA, 4:6-12, FN 1.) As such, they should be stricken.

In opposing Defendants' respective motions, Plaintiff does not deny that "fail-safe" classes are improper. Instead, relying on the unpublished decision in **Kamar v. RadioShack Corp.**, 375 Fed.Appx. 734 (9th Cir. 2010), plaintiff argues, without any principled discussion, that her proposed class definitions are not "fail-safe" but are instead intended to "narrow" the class. (Opposition, 10:8-11:9.) This Court should reject this argument.

By no means did the court in **Kamar** approve of "fail-safe" classes. **Kamar v. RadioShack Corp.**, *supra,* 375 Fed.Appx at 736. Rather, the court found that the "fail-safe" problem did not exist with respect to the class definitions *there* under consideration:

> *[T]he class remains manageable because the definition is not a circular one that determines the scope of the class only once it is decided that a class member was actually wronged.* Moreover, if a class member was not legally wronged, RadioShack will be protected against liability to that person. Thus, the district court did not legally err by defining the class as it did.

**Id.** (emphasis added.)

The same is *not* true with respect to Plaintiff's class definitions. Plaintiff's definitions, as articulated, presuppose a legal determination of wrongdoing by Defendants vis-à-vis individual class members. As such, the class is not "precise," "objective," or "presently ascertainable," but is instead fail-safe. **Brazil v. Dell, Inc.**, 585 F.Supp.2d 1158, 1167 [class defined as "California persons or entities who purchased Dell computer products that 'Dell falsely advertised'" found to be a "fail-safe" class, and stricken from complaint].

For example, plaintiff's so-called "Consent Class" shall necessarily involve a legal determination with respect to persons Defendants contacted via an automatic telephone dialing system without prior consent and not for emergency purposes. (See Complaint, ¶ 21.) This is not "narrowing"

- 4 -

1 | the class; this is a fail-safe class.

2 | Plaintiff's "Error Subclass," meanwhile, speaks for itself. Before the class may be ascertained, error must be found. This is a fail-safe class.

Plaintiff also argues that the motion is premature. (Opposition, 7:15-8:2.) Significantly, in so doing, *plaintiff concedes that the allegations contained in her complaint are "conclusory."* (**Id.**, at 7:26-27.)

Given such a concession, in addition to the several other reasons why the complaint should be dismissed, Defendants' motions to strike are certainly not premature. It is established that a motion to strike class action allegations before discovery is appropriate where the complaint demonstrates that the class action cannot be maintained on the facts alleged. **Sanders v. Apple, Inc.**, 672 F.Supp.2d 978, 990-991 (N.D.Cal.) [concluding that a motion to strike class allegations was not premature]. That is precisely the case at bar.

### III. CONCLUSION

For the foregoing reasons, including those contained in Defendants' moving papers, Defendant CBE Group, Inc. requests that this court dismiss both claims for relief asserted by Plaintiff Katrina Anderson, or at least strike the improper matter contained in the complaint.

Dated: April 8, 2011

                                          ELLIS, LAVOIE, POIRIER, STEINHEIMER
                                          & MCGEE LLP


                                          By */s/ Daniel D. McGee*
                                                Daniel D. McGee
                                                Attorney for Defendant
                                                CBE GROUP, INC.

| | CERTIFICATE OF SERVICE |
|---|---|

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 8, 2011, I served the following document(s) on the parties in the within action:

**DEFENDANT CBE GROUP, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO 12(F)**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|
| Charles T. Mathews<br>Patrick Chung<br>The Mathews Law Group<br>2596 Mission Street<br>Suite 204<br>San Marino, CA 91108 | Attorneys for Plaintiff<br>Katrina Anderson |
| Becca Wahlquist<br>Manatt, Plelps & Phillips, LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Attorneys for Defendant<br>DIRECTV |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 8, 2011.

By: _____
Jennifer E. Mueller

- 6 -