IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA ANDERSON, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>THE CBE GROUP, INC., *et al.*,<br><br>            Defendants.                                  / | No. C 11-245 SI<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT** |

   Defendants' motions to dismiss the complaint are scheduled for a hearing on April 22, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motions.

**BACKGROUND**

   Plaintiff Katrina Anderson filed this class action lawsuit against defendants DIRECTV, The CBE Group, Inc., and The CBE Group SW, Inc. The complaint seeks statutory damages and injunctive relief "resulting from the illegal actions of DIRECTV, a national broadcast satellite service company, in negligently and/or willfully placing or having calls placed to Plaintiff on her cellular telephone without her prior express consent and not for emergency purposes (sometimes referred to herein as 'Prohibited Calls'), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ('TCPA')." Compl. ¶ 1. The complaint alleges that "the CBE Defendants placed Prohibited Calls to Plaintiff, in the course of employment, as agents retained by DIRECTV for debt collection purposes," and that plaintiff

did not owe the debt at issue, "as the calls are intended for a completely different individual." *Id.* ¶¶ 3, 11. The complaint alleges that plaintiff was never a customer of DIRECTV and had no prior business relationship of any sort with DIRECTV. *Id.* ¶ 3. The complaint alleges that plaintiff has incurred charges for these Prohibited Calls because wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Id.* ¶ 13. The complaint alleges that defendants used an "automatic telephone dialing system and/or an artificial or prerecorded voice" when making these Prohibited Calls. *Id.* ¶ 14. The complaint alleges negligent and knowing and/or willful violations of the TCPA.

Plaintiff brings this lawsuit on behalf of two nationwide classes, the "Consent Class" and the "Error Subclass." The Consent Class is defined as,

> All persons within the United States to whom Defendant(s) has placed a call to said person's cellular telephone (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.

*Id.* ¶ 21.

The Error Subclass is defined as,

> All persons within the United States to whom Defendant(s) has placed a call to said person's cellular telephone (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint, where such person is not a DIRECTV account holder (*i.e.*, not the intended recipient of Defendants' call).

*Id.* ¶ 22.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

Both DIRECTV and the CBE defendants move to dismiss the complaint on the ground that the complaint lacks factual specificity and therefore must be dismissed under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Defendants argue that the complaint is devoid of factual content specific to plaintiff and the alleged offending calls, such as the specific time and date of any calls, the number(s) called, the number from which the calls originated, or the factual basis for the belief that the calls were automatically dialed or were made via prerecorded messaging.

The Court finds that the complaint is sufficient as a pleading matter. The complaint alleges, *inter alia*, that plaintiff was never a DIRECTV customer and had no business relationship with DIRECTV whatsoever; that plaintiff received the phone calls during the "past few months" prior to filing the complaint; and that the calls were for the purpose of collecting a debt owed to DIRECTV. Compl. ¶¶ 12, 17, 18. More specific information, such as the specific date and time of calls, or the number from which the calls originated, is not necessary to state a claim, and can be obtained through discovery.

Defendants also move to strike the class allegations. DIRECTV contends that the proposed classes are improper "fail-safe" classes that are defined by the merits of their legal claims, and therefore that they are not ascertainable. Defendants argue that because the putative classes define class

membership to include only those persons who were called "without their prior express consent," the class members either win or are not in the class. Defendants assert that "[a] class defined in this fashion constitutes an impermissible 'fail-safe' class, whose members would be 'bound only by a judgment favorable to plaintiffs but not by an adverse judgment.'" *Heffelfinger v. Elec. Data Sys. Corp.*, No. CV 07-00101 MMM (Ex), 2008 WL 8128621, at *10 (C.D. Cal. Jan. 7, 2008) (on class certification, certifying class but redefining class definition because proposed class defined as workers "entitled to" overtime but who were not paid overtime "in violation" of the law). Defendants also argue that the issue of prior consent cannot be determined on a class-wide basis because it raises individual questions specific to each class member.

In response, plaintiffs argue that there are questions of law and fact that are in dispute which preclude striking the class allegations. Plaintiffs also argue, *inter alia*, that the phrase "without their prior express consent and not for emergency purposes" does not render the classes fail-safe, but rather is a way of narrowing the classes. Plaintiffs assert that the proposed class definitions are not fail-safe because they do not define the classes by reference to calls made to class members "in violation of the TCPA."

The Court finds defendant's arguments about the class definitions are premature and should be resolved in connection with plaintiffs' motion for class certification. The Court will be better positioned to assess the validity of those objections after the parties have developed the factual record and any legal questions about the TCPA have been resolved.

Finally, defendants move to strike the complaint's citations to anonymous internet postings as inadmissible hearsay, prejudicial, and not susceptible to investigation to ascertain their truth. The Court finds that the quoted paragraphs are not prejudicial, and that the evidentiary objections are misplaced as allegations in a complaint are not evidence. Defendants may propound discovery to investigate where the postings were made, as well as what other information plaintiffs may have about the postings.

Accordingly, the Court DENIES defendants' motions to dismiss the complaint.

///

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motions to dismiss the complaint. (Docket Nos. 11 and 13).

**IT IS SO ORDERED.**

Dated: April 18, 2011

SUSAN ILLSTON
United States District Judge