1  Mark E. Ellis – 127159
   Grant A. Winter – 266329
2  ELLIS, LaVOIE, POIRIER, STEINHEIMER & McGEE LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA  95825
   Tel: (916) 283-8820
4  Fax: (916) 283-8821
   mellis@ellislawgrp.com
5  gwinter@ellislawgrp.com

6  Attorneys for Defendants CBE GROUP, INC. and CBE GROUP SW, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| KATRINA ANDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC., THE CBE GROUP SW, INC. and DIRECTV,<br><br>Defendants. | Case No.: 11-CV-0245-SI-NJV<br><br>DEFENDANTS CBE GROUP, INC. AND CBE GROUP SW, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

In accordance with the Federal Rules of Civil Procedure, Defendants CBE GROUP, INC. and CBE GROUP SW, INC. (collectively "Defendants") hereby respond to the Class Action Complaint For Damages and Injunctive Relief ("Complaint"), filed by Plaintiff KATRINA ANDERSON ("Plaintiff"). Defendants, by and through their undersigned counsel, deny each and every allegation in the Complaint, unless expressly admitted herein, and in response to the specific allegations of the complaint, state as follows:

### Introduction and Nature of the Action

1. As to paragraph 1, Defendants lack sufficient information or belief to admit or deny that Plaintiff brings this action for statutory damages or any other equitable or legal remedy and, on that basis, deny the allegation. Defendants deny each and every other allegation in the paragraph.

///

- 1 -

DEFENDANTS CBE GROUP, INC. AND CBE GROUP SW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

2. As to paragraph 2, Defendants lack sufficient information or belief to admit or deny that Plaintiff brings this action for statutory damages or any other equitable or legal remedy and, on that basis, deny the allegation. Defendants deny each and every other allegation in the paragraph. As to footnote 1, referenced in paragraph 2, Defendants deny each and every allegation therein.

3. As to paragraph 3 and all footnotes referenced therein, Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph and on that basis, deny the allegations.

4. As to paragraph 4 and all footnotes referenced therein, the statements set forth do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth, on that basis Defendants deny each and every statement and/or allegation in the paragraph.

### "Jurisdiction and Venue"

5. As to paragraph 5, Defendants deny the allegation that they are citizens of Iowa on grounds that the allegation is too vague, ambiguous and overbroad to permit a reasonable response. Defendants lack sufficient information or belief to admit or deny whether Plaintiff is a California citizen and on that basis, deny the allegation. Defendants deny that this Court has jurisdiction under the Class Action Fairness Act. Defendants deny each and every other allegation in the paragraph.

6. As to paragraph 6, Defendants lack sufficient information or belief to admit or deny where the events giving rise to Plaintiff's claims allegedly occurred, and on that basis deny each and every allegation in the paragraph.

### "Parties"

7. As to paragraph 7, Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph and on that basis, deny each and every allegation in the paragraph.

8. As to paragraph 8, Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph and on that basis, deny each and every allegation in the paragraph. Defendants also deny the allegations in the paragraph on the basis that they are directed at a co-defendant.

///

**DEFENDANTS CBE GROUP, INC. AND CBE GROUP SW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

9. Defendants submit that the allegation that they are persons as defined by 47 U.S.C. §153(10) is a legal conclusion, and on that basis deny the allegation. Defendants deny the allegation that they do business throughout the country on grounds that the allegation is too vague, ambiguous and overbroad to permit a reasonable response. Defendants deny each and every other allegation in the paragraph.

10. As to paragraph 10, Defendants deny each and every allegation therein on the grounds that they do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth.

11. As to paragraph 11, Defendants deny each and every allegation therein.

### "Plaintiff's Factual Allegations"

12. As to paragraph 12, Defendants deny each and every allegation therein.

13. As to paragraph 13, Defendants lack sufficient information or belief to admit or deny whether Plaintiff was charged for calls and on that basis deny the allegation. As to the allegation concerning statements made by the FCC, and the footnote referenced therein, Defendants deny the allegations on the grounds that they do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth.

14. As to paragraph 14, Defendants deny each and every allegation therein.

15. As to paragraph 15, Defendants deny each and every allegation therein.

16. As to paragraph 16, Defendants deny each and every allegation therein.

17. As to paragraph 17, Defendants deny each and every allegation therein.

18. As to paragraph 18, Defendants have insufficient information or belief to admit or deny whether Plaintiff received any calls or who was the intended recipient of any calls Plaintiff may have received, and on that basis, Defendants deny each and every allegation in the paragraph.

19. As to paragraph 19, Defendants deny each and every allegation therein.

20. As to paragraph 20, Defendants deny each and every allegation therein.

///
///
///

## "Class Action Allegations"

21. As to paragraph 21, Defendants lack sufficient information or belief to admit or deny who Plaintiff brings this action on behalf of, and on that basis, deny each and every allegation in the paragraph.

22. As to paragraph 22, Defendants lack sufficient information or belief to admit or deny who Plaintiff brings this action on behalf of, and on that basis, deny each and every allegation in the paragraph.

23. As to paragraph 23, Defendants lack sufficient information or belief to admit or deny who is included or excluded from Plaintiff's alleged classes, and on that basis deny the allegation. Defendants deny each and every other allegation therein.

24. As to paragraph 24, Defendants deny each and every allegation therein.

25. As to paragraph 25, Defendants deny each and every allegation therein on the grounds that they do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth.

26. As to paragraph 26, Defendants deny that Plaintiff's proposed classes share defined questions of law or predominate over questions that may affect individual members of the proposed classes and on that basis deny those allegations. Defendants deny each and every other allegation in the paragraph.

27. As to paragraph 27, Defendants deny each and every allegation therein.

28. As to paragraph 28, Defendants deny each and every allegation therein.

29. As to paragraph 29, Defendants deny each and every allegation therein.

30. As to paragraph 30, Defendants deny each and every allegation therein.

31. As to paragraph 31, Defendants deny each and every allegation therein.

32. As to paragraph 32, Defendants deny each and every allegation therein.

33. As to paragraph 33, Defendants lack information and belief sufficient to admit or deny the allegation therein, and on that basis deny.

34. As to paragraph 34, Defendants deny each and every allegation therein.

35. As to paragraph 35, Defendants deny each and every allegation therein.

### "First Claim"

36. As to paragraph 36, Defendants incorporate by reference their responses to paragraphs 1 through 35 and all footnotes referenced therein.

37. As to paragraph 37, Defendants deny each and every allegation therein.

38. As to paragraph 38, Defendants deny each and every allegation therein.

39. As to paragraph 39, Defendants deny each and every allegation therein.

### "Second Claim"

40. As to paragraph 40, Defendants incorporate by reference their responses to paragraphs 1 through 39 and all footnotes referenced therein.

41. As to paragraph 41, Defendants deny each and every allegation therein.

42. As to paragraph 42, Defendants deny each and every allegation therein.

43. As to paragraph 43, Defendants deny each and every allegation therein.

### "Prayer For Relief"

44. As to paragraph 44, Defendants deny that Plaintiff or members of the putative class are entitled to the relief requested.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants set forth the following matters constituting avoidances or affirmative defenses, and allege as follows:

### FIRST AFFIRMATIVE DEFENSE

45. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

46. The Court lacks jurisdiction over these responding Defendants.

### THIRD AFFIRMATIVE DEFENSE

47. The Court lacks jurisdiction over this matter.

### FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff's causes of action are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

49. Plaintiff lacks standing to commence, and/or proceed with this lawsuit under the TCPA.

### SIXTH AFFIRMATIVE DEFENSE

50. The Complaint fails to join all necessary and proper parties, or mis-joins certain parties.

### SEVENTH AFFIRMATIVE DEFENSE

51. The Plaintiff's Complaint, and each and every claim or cause of action therein, is barred by the doctrines of res judicata and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred by reason of the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred by reason of the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred by reason of the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred by reason of the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred under the doctrine of prior express consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's action is barred by the doctrine of ratification.

### FOURTEENTH AFFIRMATIVE DEFENSE

58. Defendants' actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate, and necessary.

### FIFTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's Complaint, and each and every claim or cause of action therein, is barred by the statutes privileges embodied in **California Civil Code § 47(b) and (c)**, or the privileges arising under federal and state common law, and/or the Noerr-Pennington doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

60. No act or omission of Defendants was a substantial factor in bringing about the damages alleged by Plaintiff, nor was any such act or omission a contributing cause thereof.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's injuries, losses, or damages alleged in the complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, and/or culpable conduct of the Plaintiff and the amount of damages, if any, that may be recovered by Plaintiff from Defendant, must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

62. If Plaintiff suffered or sustained any damage or injury, either as alleged in the complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other third parties or entities, whether or not parties to this action, and damages of Plaintiff, if any shall be reduced in proportion to the amount of negligence and/or fault attributed to such other persons or entities, whether or not parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

63. Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint and the damages, if any, incurred by Plaintiff, are the direct and proximate result of the risk so assumed.

## TWENTIETH AFFIRMATIVE DEFENSE

64. Plaintiff should have taken action to minimize or eliminate any loss, injury, or damage, and Plaintiff is precluded from recovering damage, or Plaintiff's damage should be reduced, by operation of the doctrine of avoidable consequences or mitigation of damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

65. Any damages which Plaintiff claims are owed by Defendants is subject to offset in an amount equal or greater than all amounts owing to Defendants by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

66. Plaintiff is not entitled to an award of statutory, penal, or punitive damages because any such award would violate Defendants' rights under the California Constitution and the United States Constitution, including, but not limited to, rights under the Due Process Clause of the United States Constitution. In this factual context, enforcement of statutory damages against a debt collection

agency or financial institution, without prior notice, would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and unconstitutional damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

67. Plaintiff's action is barred because application of the Telephone Consumer Protection Act in this case would violate Defendants' rights to free speech and due process under the state and federal constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

68. Plaintiff has actively attempted to place herself in a position to be the subject of alleged violations of the Telephone Consumer Protection Act, and maintained that position to maximize her own purported damages and injuries. Plaintiff has acted in *pari delicto*, and as such cannot complain of her alleged injuries or collect thereon.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred because neither Plaintiff nor members of the putative class have suffered the type of harm for which the Telephone Consumer Protection Act was designed to protect.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

70. If Defendants were provided Plaintiff's number, it was intended as a contact point for an account holder who gave express permission, for Defendants to call them. Such consensual contact under those circumstances involves Defendants' right of commercial free speech and is not actionable by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

71. Any violations of the law, if any occurred, resulted from a bona fide error despite the maintenance of procedures reasonably adopted to avoid any such error.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

72. Plaintiff is not entitled to an award of $1,500.00 per call as Defendants lacked the requisite intent, and/or willfulness.

///
///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

73. These Defendants deny calling Plaintiff or members of a potential class by the use of an automatic telephone dialing system and/or an artificial prerecorded voice.

## THIRTIETH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are not actionable under the Telephone Consumer Protection Act because Plaintiff and members of the putative class were not charged for calls by Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred under the Telephone Consumer Protection Act because the telephone calls alleged did not include an advertisement or solicitation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred because Defendants directly or indirectly possessed an established business relationship with Plaintiff and members of the putative class.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred because Defendants' actions were taken in reasonable reliance upon information provided by their client.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are not suitable for class certification because there is no provision of The Telephone Consumer Protection Act which authorizes class actions; and, the Act was intended to provide an individual remedy in the small claims courts only, not a basis for class action lawsuits.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are not suitable for class certification because, among other reasons, issues that require separate adjudication predominate over common issues, if any, such that the maintenance of a class action would not be superior or otherwise advantageous to the judicial process and litigants.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are not suitable for class certification because, among other reasons, there is no defined community of interest among members the putative class.

///

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are not suitable for class certification because, among other reasons, there is no definitely ascertainable class, the members are not clearly identifiable, and the members cannot be located without incurring an exorbitant expenditure of time and money.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are not suitable for class certification because, among other reasons, Plaintiff is not an adequate representative for the putative class.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

83. Defendants allege that the claims for injunctive relief are barred in light of the fact that the members of the general public have an adequate remedy at law.

### RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon any other affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

### PRAYER

WHEREFORE, Defendants respectfully request as follows:

1. That this Court dismiss this Complaint and Plaintiff's claims in their entirety with prejudice;
2. That Plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendants;
3. That Defendants be awarded their costs of suit incurred in defense of this action, including reasonable attorney's fees; and
4. For such other and further relief as the Court deems just and/or proper.

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Defendants CBE Group, Inc., and CBE Group SW, Inc., hereby demand a trial by jury.

Dated: May 2, 2011

                        ELLIS, LAVOIE, POIRIER, STEINHEIMER & MCGEE, LLP

                        By  /s/ Mark E. Ellis
                              Mark E. Ellis
                              Attorney for Defendants CBE GROUP, INC. and CBE GROUP SW, INC.

<a>DEFENDANTS CBE GROUP, INC. AND CBE GROUP SW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</a>

# CERTIFICATE OF SERVICE

I, Maria Gutierrez, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On May 2, 2011, I served the following document(s) on the parties in the within action:

**DEFENDANTS CBE GROUP, INC. AND CBE GROUP SW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Charles T. Mathews<br>The Mathews Law Group<br>2596 Mission Street<br>Suite 204<br>San Marino, CA 91108 | Attorneys for<br>Katrina Anderson |
|---|---|
| Becca Wahlquist<br>Manatt, Plelps & Phillips, LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Attorneys for<br>DIRECTV |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 2, 2011.

By: _____
Maria Gutierrez