IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATRINA ANDERSON, on behalf of herself and all others similarly situated,

    Plaintiffs,

  v.

IQOR HOLDINGS US, INC., *et al.*,

    Defendants.

No. C 11-245 SI

**ORDER DENYING CBE'S MOTION FOR SANCTIONS**

CBE Group, Inc. and CBE Group SW, Inc.'s motion for sanctions is scheduled for a hearing on December 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

CBE seeks monetary sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power. CBE contends that plaintiff's counsel performed an inadequate pre-filing investigation regarding whether CBE was involved in the alleged debt-collection activity on behalf of DirectTV. CBE asserts that if counsel had conducted an adequate investigation, they would have learned that CBE did not call plaintiff's cell phone on behalf of DirectTV. CBE also contends that plaintiff's counsel vexatiously multiplied proceedings by initially refusing to provide plaintiff's cell phone number to CBE's counsel

so that CBE could verify whether CBE had called plaintiff, by requesting several declarations from CBE to confirm that CBE did not call plaintiff's cell phone, and by requesting various conditions, such as the conditions that each party bear its own costs and that dismissal be without prejudice to the putative class, in connection with plaintiff's dismissal of CBE from this lawsuit. Plaintiff filed this lawsuit on January 18, 2011, the parties filed a stipulation for dismissal of CBE on May 19, 2011, and the Court filed the order dismissing CBE on May 24, 2011. CBE seeks $32,973.00 in sanctions.

28 U.S.C. § 1927 authorizes the award of attorneys' fees under certain circumstances:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Ninth Circuit has elaborated on the meaning of "unreasonable and vexatious" conduct :

> [S]ection 1927 sanctions must be supported by a finding of subjective bad faith. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned. and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned.

*Id.* at 436 (citations and internal quotation marks omitted); *accord Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000); *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995); *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). A finding of subjective bad faith is also required for the imposition of sanctions pursuant to the Court's inherent power. *Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 185 (9th Cir. 1996). When awarding sanctions under § 1927 or pursuant to the Court's inherent authority, district courts have discretion in determining whether sanctions are appropriate and, if so, in what amount. *Trulis*, 107 F.3d at 694; *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001).

The Court finds that sanctions are not appropriate because CBE has not demonstrated subjective bad faith on the part of plaintiff's counsel. With regard to counsel's pre-filing investigation, plaintiff's counsel has submitted a declaration explaining the steps that he took prior to filing the original complaint to determine who called plaintiff's cell phone. *See generally* Matthews Declaration. Mr.

2

Matthews explains why he was unable to determine who called plaintiff's cell phone, and why counsel decided to name CBE as a defendant "on information and belief" that CBE had placed the call to plaintiff. Although the Court understands CBE's frustration at being named in this lawsuit, the Court cannot find subjective bad faith on this record. More importantly, "[b]ecause [28 U.S.C. § 1927] authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a lawsuit has begun. We have twice expressly held that § 1927 cannot be applied to an initial pleading." *In re Keegan Management Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (citations and internal quotation marks omitted). Contrary to CBE's arguments in its reply, *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183 (9th Cir. 1996), which predated *In re Keegan*, does not hold that § 1927 sanctions can be imposed based on the initial pleading. In *Salstrom*, the Ninth Circuit held that a district court's denial of Rule 11 sanctions does not preclude an award of § 1927 sanctions. In affirming the district court's award of § 1927 sanctions, the Ninth Circuit noted that the district court found bad faith "on the basis of three factors: the number and length of the pleadings, the timing involved in many of the filings, and the substance of the claims asserted." *Id*. at 185. The Ninth Circuit's reference to "the substance of the claims asserted" is not tantamount to a holding that § 1927 sanctions can be applied to an initial pleading.

The Court further finds that CBE has not demonstrated subjective bad faith on the part of plaintiff's counsel after the filing of the complaint. Although CBE complains that counsel did not immediately provide plaintiff's cell phone number to CBE, counsel did provide that number on April 28, 2011, several months after the complaint was filed. Plaintiff's counsel Mr. Azadian has provided a declaration explaining that he did not provide the cell phone number earlier in part because discovery had not yet commenced. *See* Azadian Decl. ¶ 3. The Court also does find bad faith based on plaintiff's counsel's request for several declarations from CBE attesting to the fact that CBE did not call plaintiff on her cell phone, or for negotiating certain terms in connection with the dismissal of CBE. Mr. Azadian explains why counsel took those steps, and the Court finds that they were reasonable measures necessary to the representation of the named plaintiff and the putative class.

**CONCLUSION**

For the foregoing reasons, the Court DENIES CBE's motion for sanctions. Docket No. 55.

**IT IS SO ORDERED.**

Dated: November 30, 2011

SUSAN ILLSTON
United States District Judge